**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY MELVIN HAYNES,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; ANDREW BRAUN; ESTER CHOO; ROBERT DYNES; JESSICA FOGLER; REGINA GRAHAM; FREDERICK HUANG; MARY LEARY; ALICIA F. LIEBERMAN; HURBERT OCHITILL; ROBERT OKIN; RICK PATEL; REGENTS OF THE UNIVERSITY OF CALIFORNIA; TAMAR SEIVER; TRUDY SINGZON; JEFF ADACHI; ROBERT BUNKER; JOHN CRUDO; PAUL DAVIES; HEATHER FONG; HUGH HALL; GREGORY HICKS; MITCHELL KATZ; LEON LOEW; MATHEW MASON; GAVIN NEWSOM; TROY WILLIAMS,<br><br>Defendants - Appellees. | No. 10-16327<br><br>D.C. No. 3:08-cv-02295-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Jeffrey S. White, District Judge, Presiding

Argued and Submitted May 16, 2012
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Attorney Gregory Haynes appeals the district court's imposition of sanctions in an amount exceeding $360,000. In the published opinion filed concurrently with this memorandum disposition, we remand for the district court to reconsider its sanctions award in light of our holding that it has the discretion to reduce the award because of Haynes's inability to pay. We affirm the district court's order in all other respects.

The district court did not abuse its discretion in determining that Haynes had "unreasonably and vexatiously" multiplied the proceedings below, and that his unreasonable conduct had caused the defendants to incur $362,545.61 in excess costs. *See* 28 U.S.C. § 1927. After the depositions of hearing officer Julian Sapirstein and psychiatric nurse Alice Asher had been taken, it was clear that none of the plaintiff's remaining claims against any of the defendants had any merit. The continued pursuit of these frivolous claims after this point was at the very least reckless, and thus the costs subsequently incurred by the defendants may properly

2

be awarded as sanctions pursuant to § 1927. *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002).

Haynes's procedural objections to the sanctions order are without merit. Haynes was given sufficient notice that his conduct was sanctionable. Furthermore, the district court properly made a de novo determination of the sanctions award, even if it did not hold an in person hearing on the matter. *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000).

We decline to impose additional sanctions on Haynes. We also deny as moot the defendants' request for judicial notice of the proceedings in a related appeal.

For the reasons set forth in the published opinion filed concurrently herewith, the district court's order is **REMANDED**.[1] Each side shall bear its own costs on this appeal.

---

[1] Given the extraordinary amounts of attorneys' fees claimed in this § 1983 case by the City of San Francisco and the State of California (most of the latter's having been incurred after the court had held that the claims against the state defendants were barred by the Eleventh Amendment), neither this memorandum disposition nor the opinion filed herewith shall be deemed to bar the district judge from sua sponte reducing the amount of the sanctions for any reason within his discretion.